IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL RALPH PADILLA,

    Petitioner,

v.                                                                 No. 22-cv-745-KG-GJF

ATTORNEY GENERAL
STATE OF NEW MEXICO,

    Respondent.

## ORDER REOPENING CASE

This matter is before the Court *sua sponte* review of the docket.

Petitioner Michael Ralph Padilla commenced this case October 6, 2022, by filing a handwritten narrative seeking a writ of habeas corpus under 28 U.S.C. § 2254 (Doc. 1). In an order entered November 3, 2022, the Court required Petitioner to file his claims on a proper habeas petition and to address the $5.00 habeas filing fee by December 5, 2022. (Doc. 2). To facilitate his process, the Court mailed Padilla a blank § 2254 habeas petition and a blank application to proceed in forma pauperis. (See Doc. note 11/4/2022). After the deadline passed, and Padilla had not filed a proper habeas petition, addressed the filing fee, or sought an extension, the Court entered an order dismissing the case on December 9, 2022. (Doc. 3). The Court entered a final judgment the same day. (Doc. 9).

On December 27, 2022, the Court received a letter from Petitioner in which he explained that he had inadvertently missed the deadline because he was in a mental health facility on suicide watch. (Doc. 6) (the "Letter"). Along with the Letter, Petitioner filed a proper Petition under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Doc. 7) (the "Petition")

and submitted the $5.00 filing fee (Doc. 5). The Court construes the Letter as a request for relief from the final judgment and will construe it under Federal Rule of Civil Procedure 59(e).

Rule 59(e) provides, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." A motion to reconsider filed within that timeframe is construed under Rule 59(e). *Servants of Paraclete v. Does*, 204 F.3d 1005, 1012 (10th Cir. 2000). Grounds that justify altering or amending a judgment pursuant to Rule 59(e) include: (1) an intervening change in controlling law; (2) new evidence that was previously unavailable; or (3) a need to correct clear error or prevent manifest injustice. *Hayes Family Trust v. State Farm Fire & Cas. Co.*, 845 F.3d 997, 1004 (10th Cir. 2017) (citing *Does*, 204 F.3d at 1012).

Considering the timing of the Letter, Padilla's reasons for failing to timely comply with the Court's November 3, 2022, order, and the fact that Padilla filed the Petition and paid the filing fee at the same time he sought relief from the final judgment, the Court concludes that the interest of justice warrants granting relief under Rule 59(e).

IT IS THEREFORE HEREBY ORDERED that the Order of Dismissal (Doc. 3) and the Final Judgment (Doc. 4) are WITHDRAWN; and the Clerk's Office SHALL REOPEN this case.

_____
UNITED STATES DISTRICT JUDGE