UNITED STATES DISTRICT COURT
DISTRICT OF NEW MEXICO

MICHAEL RALPH PADILLA,

    Petitioner,

v.                                                                                     Civ. No. 22-745 KG/GJF

ATTORNEY GENERAL
STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Michael Ralph Padilla's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 7) (Petition). Also before the court is his Motion to Proceed *in Forma Pauperis* (Doc. 9) ("IFP Motion"), and his Motion to Appoint Counsel (Doc. 10). Padilla challenges his state convictions for aggravated fleeing and evading a law enforcement officer and resisting or obstructing an officer. Having reviewed the matter *sua sponte*, the Court will require Padilla to show cause why the Petition should not be dismissed for failure to exhaust state remedies.

I.    Background.[1]

A jury found Padilla guilty of aggravated fleeing and evading a law enforcement officer and resisting or obstructing an officer, among other crimes, on July 16, 2021. *see also* Amended Judgment, Sentence, and Commitment and Order Determining Habitual Offender Status ("Amended Judgment") in D-905-CR-2021-0056. By an amended judgment entered July 20, 2021,

---

[1] The background facts are taken from the Petition and Padilla's state criminal docket, Case Nos. D-905-CR-2021-0056, which is subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

the state court sentenced Padilla to nine and a half years imprisonment. (Doc. 7 at 1) *see also* Amended Judgment in D-905-CR-2021-0056. Padilla filed a Notice of Appeal in the state trial court on August 24, 2021. *See* Notice of Appeal to Court of Appeals/Supreme Court in D-905-CR-2021-0056. On October 6, 2021, the trial court found that Padilla never docketed his appeal in the New Mexico Court of Appeals, found that the time within which he was permitted to appeal had lapsed, and concluded that an appeal was not properly taken and therefore the case criminal case should be closed. *See* Closing Order in D-905-CR-2021-0056.

Padilla commenced this case a year later, on October 6, 2022, initially filing a handwritten narrative (Doc. 1), and later filing the instant petition. (Doc. 7). He asks the Court to vacate his convictions under 28 U.S.C. § 2254, asserting due process violations and ineffective assistance of counsel. (Doc. 7 at 6-10). As part of the initial habeas review, the Court will analyze whether Padilla exhausted his state remedies. The Court will also consider the pending motions.

II.   The Exhaustion Requirement.

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States*

*v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008).  *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be raised by a court *sua sponte*.").

The Petition clearly reflects that Padilla did not present his federal claim to the New Mexico Supreme Court.  The state court docket confirms this. Padilla has therefore not met the federal exhaustion requirement. Padilla will be given an opportunity to show cause why his § 2254 claims should not be dismissed on this ground.

III.   The IFP Motion.

Padilla filed the IFP Motion on December 27, 2022. (Doc. 9). He paid the $5.00 habeas filing fee the same day.  (Doc. 5). The IFP Motion is therefore moot and shall be denied accordingly.

IV.   The Motion to Appoint Counsel.

"There is no constitutional right to an attorney in state post-conviction proceedings. *Coleman v. Thompson*, 501 U.S. 722, 752 (1991); *Swazo v. Wyo. Dep't of Corrs. State Penitentiary Warden*, 23 F.3d 332, 333 (10th Cir. 1994). Whether to appoint counsel in a § 2254 proceeding is a matter within the court's discretion. *Swazo*, 23 F.3d at 333. In making this determination, the Court considers the merits of the petitioner's claims, the nature and complexity of the factual and legal issues, and the petitioner's ability to investigate the facts and to present his claims. *Hill v. SmithKline Beecham Corp.*, 393 F.3d 1111, 1115 (10th Cir. 2004).

Considering these factors in the context of the present case, the Court will not request a local attorney to represent Padilla on a *pro bono* basis. Padilla's claims do not present particularly complex legal or factual issues and he appears to have an adequate understanding of the issues and

to be representing his interests in a capable manner. The Court will therefore deny the Motion.

**IT IS THEREFORE ORDERED** that:

(1) Within thirty days of the entry of this order, Padilla shall show cause in writing why any § 2254 claims should not be dismissed without prejudice for failure to exhaust state remedies. Failure to timely respond will result in dismissal of this action without further notice.

(2) Padilla's IFP Motion **(Doc. 9)** is **DENIED** as moot.

(3) Padilla's Motion to Appoint Counsel **(Doc. 10)** is **DENIED**.

**SO ORDERED.**

_____
THE HONORABLE GREGORY J. FOURATT
UNITED STATES MAGISTRATE JUDGE