IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

MICHAEL RALPH PADILLA,

    Petitioner,

v.                                                       No. 22-cv-745-KG-GJF

ATTORNEY GENERAL
STATE OF NEW MEXICO,

    Respondent.

## MEMORANDUM OPINION AND ORDER

THIS MATTER is before the Court on Michael Ralph Padilla's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 7) (Petition). Padilla challenges his state convictions for aggravated fleeing and evading a law enforcement officer and resisting or obstructing an officer. The Court previously directed him to show cause why this case should not be summarily dismissed for failure to exhaust state remedies. Having reviewed his response and applicable law, the Court will dismiss the Petition without prejudice.

I.    Background.[1]

A Jury found Padilla guilty of aggravated fleeing and evading a law enforcement officer and resisting or obstructing an officer, among other crimes, on July 16, 2021. *See* Amended Judgment, Sentence, and Commitment and Order Determining Habitual Offender Status ("Amended Judgment") in D-905-CR-2021-0056. By an amended judgment entered July 20, 2021, the trial court sentenced Padilla to nine and a half years imprisonment. (Doc. 7 at 1); *see also*

---

[1] The background facts are taken from the Petition and Padilla's state criminal docket, Case Nos. D-905-CR-2021-0056, which is subject to judicial notice. *See Mitchell v. Dowling,* 672 Fed. App'x 792, 794 (10th Cir. 2016) (Habeas courts may take "judicial notice of the state-court docket sheet to confirm the date that each [state] motion was filed").

Amended Judgment in D-905-CR-2021-0056. Padilla filed a Notice of Appeal in the trial court on August 24, 2021. *See* Notice of Appeal to Court of Appeals/Supreme Court in D-905-CR-2021-0056. On October 6, 2021, the trial court entered an order finding that Padilla never docketed his appeal in the New Mexico Court of Appeals and that the time within which he was permitted to appeal had lapsed. *See* Closing Order in D-905-CR-2021-0056. The trial court concluded because Padilla's appeal was not properly taken, the case criminal case would be closed. *Id.*

Padilla commenced this case a year later, on October 6, 2022, initially filing a handwritten narrative (Doc. 1), and later filing the instant petition. (Doc. 7). He asks the Court to vacate his convictions under 28 U.S.C. § 2254, asserting due process violations and ineffective assistance of counsel. (Doc. 7 at 6-10). By a Memorandum Opinion and Order entered August 17, 2023, the Court screened the Petition under Habeas Corpus Rule 4 and determined Padilla failed to exhaust state remedies before seeking federal relief. (Doc. 12) (the "Screening MOO"). Padilla was permitted to file a response showing cause why, if any, the Court should not dismiss the Petition without prejudice to refiling after the exhaustion process is complete. (Id.). Padilla timely complied (Doc. 13), and the matter is ready for review.

II.     Analysis.

"A habeas petitioner is generally required to exhaust state remedies" before obtaining relief "under . . . § 2254." *Montez v. McKinna*, 208 F.3d 862, 866 (10th Cir. 2000). "The exhaustion requirement is satisfied if the federal issue has been properly presented to the highest state court, either by direct review of the conviction or in a postconviction attack." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994). The Court can excuse the exhaustion requirement "only if there is no opportunity to obtain redress in state court or if the corrective

process is so clearly deficient as to render futile any effort to obtain relief." *Duckworth v. Serrano*, 454 U.S. 1, 3 (1981). "*Sua sponte* consideration of exhaustion of state remedies . . . is explicitly permitted" where the failure to exhaust appears on the face of the petition. *United States v. Mitchell*, 518 F.3d 740, 746 n.8 (10th Cir. 2008). *See also United States v. Mitchell,* 518 F.3d 740, 746 (10th Cir. 2008) ("[A]ffirmative defenses unique to the habeas context such as exhaustion of state remedies…may be raised by a court *sua sponte*.").

As set forth in the Screening MOO, the Petition and the state court docket show that Padilla did not present his federal claim to the New Mexico Supreme Court (NMSC). In response to the Screening MOO, Padilla filed a letter seeking appointed counsel and addressing the exhaustion requirement. (Doc. 13). In the letter, Padilla argues that he should be allowed to circumvent the exhaustion requirement based on his lack of legal experience. (Doc. 13 at 3). He also asserts that he will not be given a fair hearing in the state district court because he has a long criminal history; the judges, prosecutors, public defenders, and police are biased and work together to engage in, and conceal, their unlawful conduct; and because one of the state court judges allegedly hates him for personal reasons. (Doc. 13 at 3).2

Padilla's lack of legal experience and *pro se* status do not excuse him from the exhaustion requirement. *Herd v. Tapia*, 356 Fed. App'x 140, 143 (10th Cir. 2009) ("It is well-settled that ignorance of the law cannot excuse the failure to exhaust."); *Doyle v. Abbott*, 330 F. App'x 703, 708 (10th Cir. 2009) (holding that a pro se litigant must comply with "basic procedural rules"

---

2 Further, to the extent Padilla claims that he has previously sought habeas relief in this Court related to the judgment and sentence at issue in the Petition and that the alleged previous petition was dismissed as time barred, the Court has reviewed the electronic case management system and has discerned that the present Petition is Padilla's first habeas filing.

including the statutory requirement to exhaust state remedies in a § 2254 action). Nor is the Court persuaded by Padilla's argument that, essentially, it would be futile to seek relief in the state courts because of alleged systemic biases. In support of this theory, Padilla only provides speculative and unsubstantiated allegations, which are not sufficient to prove that exhaustion would be futile. *Angle v. Tafoya*, 586 F. App'x 483, 484–85 (10th Cir. 2014) (holding that a petitioner's implausible and unsupported allegations in support of [his futility] theory" were insufficient to excuse exhaustion); *Albright v. Raemisch*, 601 F. App'x 656, 658-59 (10th Cir. 2015) ("[U]nsubstantiated allegations of nefarious conduct on the part of the State" are insufficient to prove that exhaustion would be futile).

To the extent Padilla seeks to circumvent the exhaustion requirement by invoking the "fundamental miscarriage of justice" exception, his argument is not well taken. "Absent cause for the procedural default, a petitioner must make a colorable showing of factual innocence to demonstrate a fundamental miscarriage of justice and avoid § 2254's exhaustion requirement." *Perry v. McKune*, 150 F. App'x 899, 901 (10th Cir. 2005) (internal quotation marks omitted) (citing *Demarest v. Price*, 130 F. 3d 922, 941 (10th Cir. 1997)). Padilla has not demonstrated that an objective, external factor precluded him from exhausting state remedies, and he has therefore not shown cause for his failure to exhaust. *Perry*, 150 F. App'x at 901 (explaining what is required to show cause and excuse a procedural default). Nor do his conclusory allegations of innocence constitute a colorable showing of factual innocence. *Hollie v. Booher*, 3 F. App'x 877, 878 (10th Cir. 2001) (explaining that a petitioner must provide evidentiary proof affirmatively demonstrating his innocence to make a colorable showing and holding that "conclusory statements of . . . innocence . . . are simply insufficient" in this regard).

Accordingly, the Court will dismiss the Petition without prejudice. The Court will also deny a certificate of appealability under Habeas Rule 11, as this ruling is not reasonably debatable. Padilla may refile his federal § 2254 claims after completing the exhaustion process. He is advised that a one-year limitation period applies to his habeas claims, and he should file a new § 2254 petition as soon as possible after the exhaustion process is complete. *See* 28 U.S.C. § 2244(d). The one-year period runs from the date the criminal judgment becomes final, which may be different from the date when the New Mexico Supreme Court issues its ruling. *Id.*

IT IS ORDERED that Michael Ralph Padilla's Petition for Writ of Habeas Corpus Under 28 U.S.C. § 2254 (Doc. 7) is DISMISSED without prejudice; a certificate of appealability is DENIED; and the Court will enter a separate judgment closing this habeas case.

IT IS FURTHER ORDERED that the Clerk's Office may TERMINATE Padilla's show-cause response (Doc. 13), which was submitted as a motion to appointment of counsel.

_____
UNITED STATES DISTRICT JUDGE